**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**
**CIVIL ACTION NO. 3:07CV-155-H**

**DARRYL VAN CLEAVE**                                                                  **PLAINTIFF**

**v.**

**MARTIN Z. KASDEN, JR.**                                                      **DEFENDANT**

**MEMORANDUM OPINION**

Plaintiff Darryl Van Cleave filed the instant *pro se* civil action against Attorney Martin Z. Kasden, Jr., alleging violations of the Seventh, Ninth, and Fourteenth Amendments to the U.S. Constitution.[1] Plaintiff claims that he contracted with Kasden in August or September 2003 for Kasden to represent him in a medical-malpractice suit against Dr. James Charisika and Jewish Hospital. When Plaintiff made inquiries as to the progress of the action, Kasden provided no timely response. Instead, according to Plaintiff, Kasden "willfully and deliberat[e]ly allowed the statute of limitations to expire without ever filing suit." On March 16, 2005, Kasden withdrew as counsel claiming that no expert witness or independent physician was available. As relief, Plaintiff seeks a fair trial, compensation for pain and suffering, and punitive damages.

Because Plaintiff is proceeding without the prepayment of fees, or *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e) and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). Upon review, the Court must dismiss a case if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915(e)(2)(B). For the reasons that follow, the Court concludes that the instant action must be dismissed.

---

[1] Based on a review of documents filed since the filing of the complaint, it appears that Plaintiff also has a legal malpractice action pending against Kasden in Jefferson Circuit Court (06-CI-1772).

*Seventh Amendment*

Under the Seventh Amendment to the U.S. Constitution, "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." Plaintiff effectively claims that he was denied a state-court jury trial with respect to his medical malpractice claim due to his counsel's failure to file a timely action. The Seventh Amendment, however, "governs proceedings in federal court, but not in state court." *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 432 (1996). Plaintiff's Seventh Amendment claim is, therefore, without merit and must be dismissed.

*Ninth Amendment*

The Ninth Amendment provides, "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people." The Ninth Amendment "does not confer substantive rights in addition to those conferred by other portions of our governing law." *Gibson v. Matthews*, 926 F.2d 532, 537 (6th Cir. 1991). Rather, "[t]he ninth amendment 'was added to the Bill of Rights to ensure that the maxim *expressio unius est exclusio alterius* would not be used at a later time to deny fundamental rights merely because they were not specifically enumerated in the Constitution.'" *Id.* (quoting *Charles v. Brown*, 495 F. Supp. 862, 863-64 (N.D. Ala. 1980)); *see also Froehlich v. State of Wisc., Dep't of Corr.*, 196 F.3d 800, 801 (7th Cir. 1999) ("The Ninth Amendment is a rule of interpretation rather than a source of rights."). Because Plaintiff does not allege the violation of any unenumerated fundamental right, the Ninth Amendment claim must be dismissed.

*Fourteenth Amendment*

In alleging a Fourteenth Amendment violation, the Court presumes Plaintiff is alleging a procedural due process violation.  The Supreme Court, however, has "consistently held [that] 'The Fourteenth Amendment protects the individual against state action, not against wrongs done by individuals.'"  *United States v. Price*, 383 U.S. 787, 799 (1966) (quoting *Williams I*, 341 U.S. 70, 92 (1951) (opinion of Douglas, J.)).  Because Plaintiff is suing the private attorney who he claims agreed to represent him in a medical-malpractice action, Plaintiff has not demonstrated any state action, and the Fourteenth Amendment claim fails.

Since Plaintiff has failed to state a claim upon which relief may be granted, the instant action will be dismissed by separate Order.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4412.005